NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————
ANDREA LOUNELLO,                         :
                                         :
        Plaintiff,                       :          Civ. No. 04-5863 (GEB)
                                         :
        v.                               :          **MEMORANDUM OPINION**
                                         :
JO ANNE B. BARNHART,                     :
Commissioner of Social Security,         :
                                         :
        Defendant.                       :
—————————————————————
                                         :

**BROWN, District Judge**

        This matter comes before the Court upon the appeal of plaintiff Andrea Lounello

("Plaintiff") from the Commissioner of Social Security's ("Commissioner") final decision that

Plaintiff was not entitled to a Period of Disability, Disability Insurance Benefits under Sections

216(i) and 223 of the Social Security Act ("Act"). This Court, exercising jurisdiction pursuant to

42 U.S.C. § 405(g), and having considered the parties' submissions without oral argument

pursuant to Federal Rule of Civil Procedure 78, will deny Plaintiff's appeal.


I.      **BACKGROUND**

        On June 5, 2002, Plaintiff filed an application for disability insurance benefits under Title

II and Part A of Title XVIII of the Act. Record ("R.") at 91-93. Plaintiff based her application

for disability benefits on allegedly being unable to work due to a herniated disc, spinal stenosis,

and nerve damage in her left leg and foot. R. at 101. On or about July 10, 2002, the Social

Security Administration denied Plaintiff's disability claims. R. at 60-64. A request for

reconsideration of this decision was denied on November 14, 2002.  R. at 67-69.  On or about

January 17, 2003, Plaintiff then filed a Request for Hearing by Administrative Law Judge.  R. at

70.  On July 15, 2004, Administrative Law Judge ("ALJ") Christopher Bullard conducted a

hearing to determine whether Plaintiff was disabled and thus entitled to benefits.  See R. at 35-

57.

At the hearing, Plaintiff testified that she worked as an inventory control manager from

November 1974 until March 1, 1999, where her primary responsibility involved typing on a

computer.  R. at 40-41.  Plaintiff testified that she underwent surgery to remove a tumor on her

lower spine in 1998 and that when she returned to work on March 1, 1999, she was told that her

job had been eliminated.  R. at 41.  Plaintiff testified that she had two brief periods of

employment during 2000.  Id.  The first was in a customer service position with a limousine

company for approximately two hours a day, which she quit because she did not like the job.  R.

at 41-42.  The second position was as a secretary.  R. at 42.  Plaintiff testified that she left that

job after approximately six weeks because she could not sit for full-day period due to aching.

See id.

Plaintiff testified that she had a second spinal surgery in November 2001 after

experiencing severe lower back pain and numbness in her left leg.  Id.  Following the surgery,

Plaintiff went to physical therapy for approximately ten to twelve weeks.  R. at 43.  Plaintiff

testified that the symptoms she experienced before the surgery continued afterwards.  R. at 44.

Plaintiff was administered epidurals and anti-inflammatories, which did not help.  Id.  Plaintiff's

surgeon referred her to a neurosurgeon, who was ultimately unable to help.  Id.

Plaintiff testified that the pain in her back is constant, but varying in intensity.  R. at 45.

2

Plaintiff further testified that she can sit comfortably in one position for approximately a half-hour before having to get up for approximately fifteen minutes.  Id.  Plaintiff alleged that in between sitting and standing she must ice her back.  Id.  Plaintiff testified that she is unable to walk short distances without taking a break due to pain in her back.  R. at 46.  Plaintiff further testified that she is unable to bend at the waist and cannot lift anything from that position.  Id.  Plaintiff testified that she could only hold the weight of a half-gallon container of milk.  R. at 47.

Plaintiff testified that besides icing her back, she takes Elavil, a prescription medication to relax her legs and feet.  Id.  Additionally, Plaintiff wears a back brace prescribed by her surgeon, which she wears all day and removes when she goes to bed.  R. at 47-48.  Plaintiff testified that her days consist of sleeping as long as she can and that she does not do any activities besides cooking.  R. at 48.  Plaintiff testified that she does not drive anymore because she is unable to sit in one position for more than fifteen minutes.  Id.

The ALJ questioned Plaintiff about her responsibilities as an inventory control manager.  R. at 50.  Plaintiff testified that she supervised one employee and used a computer.  Id.  The ALJ also questioned Plaintiff about her responsibilities as a secretary, which entailed speaking to customers over the phone.  Id.

Leo Hamilton, a vocational consultant, then testified regarding the available jobs existing in Plaintiff's geographical region.  R. at 52-56.  Mr. Hamilton testified that a hypothetical individual with Plaintiff's work experience and physical limitations could perform the work of an inventory control clerk as described by Plaintiff and the job of a clerical receptionist.  R. at 55.  Mr. Hamilton testified that the individual's required frequent unscheduled breaks during the day would preclude employment.  R. at 55-56.

The ALJ issued a decision on August 11, 2004, in which he determined that Plaintiff was not disabled and was not entitled to disability benefits.  See R. at 11-24.  In his written opinion, the ALJ noted the Social Security Administration's sequential evaluation process followed to determine disability.  R. at 15; 20 C.F.R. § 404.1520 (2005).  After reviewing the entire record, the ALJ made the following findings: 1) Plaintiff meets the nondisability requirements for a Period of Disability and Disability Insurance Benefits under Section 216(i) of the Act and is insured for benefits through the date of the ALJ decision; 2) Plaintiff has not engaged in substantial gainful activity since August 15, 1998; 3) the medical evidence established that Plaintiff suffers from impairments which are severe but do not meet or equal criteria of any of the impairments listed in the applicable regulations; 4) Plaintiff's assertions concerning the severity of her impairments, and their impact on her ability to work, were generally credible to the extent that they supported a finding of her being able to perform sedentary work with the cited preclusions, as set forth in the applicable regulations; 5) Plaintiff retains the residual functional capacity to perform the exertional demands of sedentary work, or work which is generally performed while sitting and never requires lifting in excess of ten pounds, although that capacity is diminished by significant additional impairments; 6) Plaintiff's past relevant work did not require the performance of work functions precluded by her medically determinable impairment; 7) Plaintiff's impairments do not prevent her from performing her past relevant work; and 8) Plaintiff is not under a disability as defined in the Act at any time through the date of the ALJ's decision.  R. at 23-24.

On or about October 4, 2004, Plaintiff requested that the Appeals Council review the ALJ's decision.  R. at 9-10.  The Appeals Council denied the request on November 2, 2004.  R.

at 5-8.  Plaintiff then filed the instant civil action with this Court, seeking review of the Social Security Administration's denial of disability benefits.

## II.  DISCUSSION

A.  Standard Of Review For Social Security Appeals

The Commissioner's decisions as to questions of fact are conclusive before a reviewing court if they are supported by "substantial evidence in the record."  42 U.S.C. § 405(g); Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000).  "Substantial evidence" means more than "a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate."  Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999)(quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001)(citing Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999)).

The Third Circuit has made it clear "that determination of the existence *vel non* of substantial evidence is *not* merely a quantitative exercise.  A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence."  Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)(emphasis in original).  The ALJ must analyze all the evidence and explain the weight he has given to probative exhibits.  Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)(internal citation omitted).  As the Third Circuit has held, access to the ALJ's reasoning is indeed essential to a meaningful court review.  Fargnoli, 247 F.3d at 42.  Nevertheless, the district court is not

"empowered to weigh the evidence or substitute its conclusions for those of the fact-finder."

Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992)(citing Early v. Heckler, 743 F.2d 1002,

1007 (3d Cir. 1984)).

      B.  Standard For Awarding Benefits

      A plaintiff may not receive benefits under the Act unless he or she first meets statutory

insured status requirements.  A plaintiff must be disabled, which is defined as the "inability to

engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

An individual is not under a disability unless "his physical or mental impairment or impairments

are of such severity that he is not only unable to do his previous work but cannot, considering his

age, education, and work experience, engage in any other kind of substantial gainful work which

exists in the national economy, regardless of whether such work exists in the immediate area in

which he lives or whether a specific job vacancy exist for him, or whether he would be hired if he

applied for work."  42 U.S.C. § 423(d)(2)(A).

      Regulations promulgated under the Act establish a five-step process for an ALJ's

evaluation of a claimant's disability.  20 C.F.R. § 404.1520 (2005).  In the first step, the ALJ

must determine whether the claimant is currently engaged in "substantial gainful activity."  20

C.F.R. § 404.1520(a)(4)(i).  If the claimant is working and the work is a substantial gainful

activity, his application for disability benefits is automatically denied.  Id.  If the claimant is not

employed, the ALJ proceeds to step two and determines whether the claimant has a "severe

impairment" or "combination of impairments."  20 C.F.R. § 404.1520(a)(4)(ii).  A claimant who

does not have a "severe impairment" is not disabled.  Id.  Third, if the impairment is found to be severe, the ALJ determines whether the impairment meets or is equal to those impairments listed in Appendix 1 of this subpart ("the Listing").  20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is conclusively presumed to be disabled, and the evaluation ends.  Id.; 20 C.F.R. § 404.1520(d).

If it is determined that the impairment does not meet or equal a listed impairment, the ALJ proceeds to step four, which requires a determination of: (1) the claimant's capabilities despite limitations imposed by an impairment ("residual functional capacity," or "RFC"); and (2) whether those limitations prevent the claimant from returning to work performed in the past ("past relevant work").  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is found capable of performing his previous work, the claimant is not disabled.  Id.  If the claimant is no longer able to perform his prior line of work, the evaluation must continue to the last step.  The fifth step requires a determination of whether the claimant is capable of adjusting to other work available in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  The ALJ must consider the RFC assessment, together with claimant's age, education, and past work experience.  20 C.F.R. § 404.1520(g).  Thus, entitlement to benefits turns on a finding that the claimant is incapable of performing her past work or some other type of work in the national economy because of her impairments.

The application of these standards involves shifting burdens of proof.  The claimant has the burden of demonstrating both steps one and two, i.e., an absence of present employment and the existence of a medically severe impairment.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  If the claimant is unable to meet this burden, the process ends, and the claimant does not receive benefits.  Id.  If the claimant carries these burdens and demonstrates that the impairments

meet or equal those within the Listing, claimant has satisfied her burden of proof and is automatically entitled to benefits.  Id.  If the claimant is not conclusively disabled under the criteria set forth in the Listing, step three is not satisfied, and the claimant must prove "at step four that the impairment prevents her from performing her past work."  Id.  Thus, it is the claimant's duty to offer evidence of the physical and mental demands of past work and explain why she is unable to perform such work.  If the claimant meets this burden, the burden of proof then shifts to the Commissioner to show, at step five, that the "claimant is able to perform work available in the national economy."  Id.  The step five analysis "can be quite fact specific." Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 126 (3d Cir. 2000).

     C.  The ALJ's Decision Will Be Affirmed Because It Properly Followed the Sequential Analysis Set Forth in the Regulations

Plaintiff alleges that the ALJ's decision did not properly follow the Commissioner's five-step sequential evaluation process for determining disability.  The basis of the dispute is whether the ALJ ended the evaluation process at the fourth or fifth step.

Under step one of the analysis, the ALJ found that Plaintiff had not engaged in "substantial gainful activity" since the alleged onset of her disability on August 15, 1998.  R. at 15.  The ALJ then moved on to step two and determined that Plaintiff was able to demonstrate severe impairment with respect to her "status post laminectomy, status post removal of tumor, herniated disc, and stenosis with radiculopathy . . . ."  R. at 15.  In step three, however, the ALJ held that Plaintiff's impairments did not meet or exceed the criteria of any of the impairments in the Listing.  R. at 16-17.  Therefore, Plaintiff was not conclusively presumed to be disabled and

the ALJ proceeded to step four.[1]

At step four, the ALJ determined whether Plaintiff could perform the requirements of her past relevant work. The ALJ considered numerous medical records and evaluated Plaintiff's subjective complaints to calculate Plaintiff's RFC. The ALJ concluded that Plaintiff could "perform the exertional demands of sedentary work, or work which is generally performed while sitting and never requires lifting in excess of ten pounds . . . ." R. at 18. The ALJ further noted, however, that Plaintiff's "capacity for sedentary work is diminished by significant additional limitations . . . ." R. at 18. Based on this calculation, the ALJ found that Plaintiff had the RFC to return to her past work and was therefore not disabled under the Act. R. at 22-23. Thus, the ALJ concluded that it was unnecessary to reach the fifth step in the sequential evaluation process. R. at 23.

Plaintiff contends that the ALJ's statement here contradicted the statement from the decision's introduction stating that Plaintiff "is able to make an adjustment to work existing in significant numbers in the national economy. This conclusion is based on findings concerning her age, education, work experience, and [RFC]." R. at 14; see Pl. Br. at 5. Such a conclusion necessitates reaching the fifth step in the evaluation process, with the Commissioner bearing the burden of proof. See Bowen, 482 U.S. at 146 n.5.

The body of the decision and the findings at the end leave no doubt that the ALJ considered the entire weight of the medical evidence and Plaintiff's credibility. R. at 15-24. The Court agrees with Plaintiff's assertion that "a claimant for disability benefits is entitled to know

---

[1] Plaintiff does not contest the ALJ's conclusion that her impairments do not equal those in the Listing. Because Plaintiff failed to carry the burden of establishing a presumption of disability, and does not raise this issue on appeal, this Court's analysis will begin at step four.

the rationale for her claim having been denied." Pl. Br. at 5.  However, the requested rationale is found in the pages following the introduction which details the ALJ's analysis under the sequential evaluation process.[2]  Despite the inconsistency between the introduction and the conclusion, it is clear from the decision that the sequential evaluation process concluded at the fourth step with the ALJ determining that Plaintiff was not disabled.  The Court finds that the decision as a whole demonstrates the ALJ's reasoning and provides for meaningful court review. The Court further finds that the ALJ rendered a decision based upon substantial evidence and Plaintiff's appeal is denied.

## III.   CONCLUSION

For the reasons stated herein, Plaintiff's appeal is denied.  An appropriate form of order accompanies this Memorandum Opinion.

Dated: December 20, 2005

    s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.

---

[2] Furthermore, the remand sought by Plaintiff would not change the result where Plaintiff's only issue on appeal is contesting where the ALJ concluded the evaluation and takes no issue with the specific analysis under each step.